UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CUTV FORENSICS, INC.,

                Plaintiff,

        v.                               Civil No. _____

MATRIX NETWORK, INC. and
ADT LLC d/b/a ADT SECURITY SERVICES,

                Defendants.
_____

## COMPLAINT

CUTV Forensics, Inc. ("CUTV"), for its Complaint against Matrix Network, Inc. ("Matrix") and ADT LLC d/b/a ADT Security Services ("ADT"), alleges as follows:

## The Parties

1. CUTV is a Canadian corporation with a principal place of business at 172 Bullock Dr., Suite 27, Markham, Ontario, L3P 7M9.

2. CUTV is engaged in the business of, among other things, residential and commercial security systems including the sale and distribution of security monitoring and recording systems.

3. Upon information and belief, Matrix is a Texas corporation with a principal place of business at 850 Freeport Parkway, Suite 100, Coppell, Texas, 75019.

4. Matrix is engaged in the business of, among other things, the manufacture and distribution of equipment for security monitoring and recording systems to the video security and surveillance industries.

5. Matrix is the manufacturer and distributor of video surveillance equipment to defendant ADT.

6. Upon information and belief, ADT is a Delaware limited liability company authorized to do business in New York, with a principal place of business in Boca Raton, Florida.

## Jurisdiction and Venue

7. This is a patent infringement action brought under the patent laws of the United States, 35 U.S.C. Section 1, *et seq.*, including 35 U.S.C. Section 271.

8. CUTV seeks damages for patent infringement and an injunction preventing Matrix and ADT from making, using, selling, or offering to sell, and from inducing others to make, use, sell, or offer to sell, CUTV's patented technology without CUTV's permission.

9. This Court has subject matter jurisdiction under 28 U.S.C. Sections 1331 and 1338(a).

10. This Court has personal jurisdiction over Matrix because Matrix regularly does and solicits business in New York. Matrix also has sold and/or offered to sell products that infringe the patents-in-suit, as alleged below, in New York.

11. Matrix has a national network of regional sales managers such that it can provide support to ADT and ADT's customers.

12. This Court has personal jurisdiction over ADT because ADT is authorized to do business in New York and regularly does and solicits business in New York. ADT also has sold and/or offered to sell products that infringe the patents-in-suit, as alleged below, in New York.

13. Venue in this district is proper under 28 U.S.C. §§ 1400 and 1391 because Matrix and ADT are subject to personal jurisdiction in this District. A substantial part of the events giving rise to the claims asserted herein occurred in this District, and Matrix and ADT have committed acts of infringement in this District.

14. Joinder of Matrix and ADT is proper because the claims asserted against each entity arise out of the same transaction, occurrence, or series of transactions or occurrences. Matrix is the manufacturer and distributor of video surveillance equipment, including infringing equipment, to ADT. Matrix and ADT make or sell the same series of infringing products at issue in this action. Questions of fact and law common to both defendants will arise in this action.

**First Claim for Patent Infringement**
**(Infringement of the '499 Patent by Matrix)**

15. CUTV repeats and realleges the allegations set forth in paragraphs 1 through 14.

16. U.S. Patent No. 6,554,499, entitled "Apparatus for Supplying Consistent, Properly Exposed and High Resolution Video Images for the Purpose of

Physical Identification and Process for Making Same" (the "'499 Patent"), issued on April 29, 2003.  CUTV is the owner of all right, title, and interest in the '499 Patent.  A true and correct copy of the '499 Patent is attached as **Exhibit 1**.

17. Matrix has infringed and continues to infringe the '499 Patent by making, using, selling, and/or offering for sale, in this District and elsewhere, surveillance systems and products that use a height-strip camera to capture images of individuals that incorporate all elements of the claims of the '499 Patent, such as, for example, Matrix's CHVD37JB, CHVD37PB, CHVD37PS, and CSVD37PB specialty cameras.

18. Matrix also has provided the above systems and products to customers and others with instructions and information on how to use and install the systems and products in an infringing manner, with knowledge that the customers use the systems and products in an infringing manner.  Matrix's acts constitute inducement to infringe the '499 Patent.

19. CUTV informed Matrix that Matrix's height-strip and mini-strip cameras infringed the '499 Patent.  With knowledge of the '499 Patent, and after receiving CUTV's admonitions regarding infringement, Matrix continued to infringe the '499 Patent, and continued to induce others to infringe the '499 Patent.

20. Matrix's actions in infringing the '499 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of CUTV, making this an exceptional case within the meaning of 35 U.S.C. Section 285.

21. As a result of Matrix's infringing acts, CUTV has sustained damages in an amount to be proven at trial.

22. Matrix will continue its infringing activities unless and until it is restrained and enjoined by this Court.

23. Matrix's infringing activities have caused, and will continue to cause, CUTV irreparable harm for which there is no adequate remedy at law.

**Second Claim for Patent Infringement**
**(Infringement of the '499 Patent by ADT)**

24. CUTV repeats and realleges the allegations set forth in paragraphs 1 through 23.

25. ADT has infringed and continues to infringe the '499 Patent by making, using, selling, and/or offering for sale, in this District and elsewhere, surveillance systems and products that use a height-strip camera to capture images of individuals that incorporate all elements of the claims of the '499 Patent, such as, for example, Matrix's CHVD37JB, CHVD37PB, CHVD37PS, and CSVD37PB specialty cameras.

26. ADT also has provided the above systems and products to customers and others with instructions and information on how to use and install the systems and products in an infringing manner, with knowledge that the customers use the systems and products in an infringing manner. ADT's acts constitute inducement to infringe the '499 Patent.

27. ADT's actions in infringing the '499 Patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of CUTV, making this an exceptional case within the meaning of 35 U.S.C. Section 285.

28. As a result of ADT's infringing acts, CUTV has sustained damages in an amount to be proven at trial.

29. ADT will continue its infringing activities unless and until it is restrained and enjoined by this Court.

30. ADT's infringing activities have caused, and will continue to cause, CUTV irreparable harm for which there is no adequate remedy at law.

## Jury Demand

31. CUTV demands trial by jury on all matters triable by jury.

**WHEREFORE**, CUTV is entitled to judgment for the following relief:

(1) Declaring that Matrix and ADT have directly infringed one or more claims of the '499 Patent.

(2) Declaring that Matrix and ADT have induced others to infringe one or more claims of the '499 Patent.

(3) Granting an injunction, under 35 U.S.C. Section 283, preliminarily and permanently enjoining Matrix and ADT, its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through them, from making, using, selling, and/or offering for sale any systems or

products that infringe one or more claims of the '499 Patent, or otherwise directly or indirectly committing further acts of infringement of that Patent.

(4) Ordering an accounting for damages arising from Matrix's and ADT's acts of infringement.

(5) Awarding damages, including treble damages, under 35 U.S.C. Section 284, with interest.

(6) Finding that Matrix's and ADT's infringement is willful, that this is an exceptional case, and awarding reasonable attorneys' fees to CUTV under 35 U.S.C. Section 285.

(7) Such further relief as this Court deems proper.

Dated: August 25, 2014

                      **HODGSON RUSS LLP**
                      *Attorneys for CUTV Forensics, Inc.*

                      By: s/Robert J. Fluskey, Jr.
                            Robert J. Fluskey, Jr.
                            rfluskey@hodgsonruss.com
                      The Guaranty Building
                      140 Pearl Street, Suite 100
                      Buffalo, New York  14202
                      Telephone:  (716) 856-4000